IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
|     Plaintiff, | ) ) ) | |
|     v. | ) ) ) | No. 14 CR 116-1 |
| James Mabry | ) ) | |
|     Defendants | ) | |

MEMORANDUM OPINION AND ORDER

James Mabry is currently serving a sixty-month sentence, the mandatory minimum for the narcotics offense to which he pled guilty in February of 2016. He is 52 years old and is currently housed at FCI Morgantown, a minimum security correctional facility located in West Virginia. His projected release date is May 1, 2022. Mr. Mabry filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), which I denied without prejudice last month on the ground that he had not met the statute's administrative exhaustion requirement. He has now exhausted his administrative relief, so I turn to the merits of his motion and grant the relief set forth below.

As amended by Section 603(b) of the First Step Act, the statute provides that:

> [t]he court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> ...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A).

Mr. Mabry suffers from a number of chronic medical conditions, including stage three kidney disease, serious heart conditions, and hypertension, among others. BOP medical records confirm that

2

he suffers from these conditions, which the government concedes make him especially vulnerable to serious illness or death from the coronavirus that is currently ravaging vast swaths of America, including many of its prisons. Indeed, the government agrees that extraordinary and compelling reasons support Mabry's request for release, yet it opposes his motion on the ground that because the § 3553(a) factors I considered in imposing a below-guidelines sentence—which included, *inter alia*, Mabry's age, the seriousness of his offense, and his risk of recidivism—are unchanged, his original sentence remains appropriate.

What clearly *has* changed since I sentenced Mr. Mabry, however, is the significant risk that incarceration poses to his health and possibly even to his life. While Mr. Mabry's crimes were certainly serious, his age, his criminal history, his work history, and his family support all suggest a low risk of recidivism, and the government does not contend that Mr. Mabry is a danger to his community. Given these factors, I conclude that Mr. Mabry's release from custody is appropriate. Accordingly, I grant his motion and amend his prison sentence to time served. As a condition of his release from custody, however, the conditions of his supervised release are modified to include nine months of home detention with location monitoring. Compliance with this condition shall be monitored by a form of location monitoring technology selected at

3

the discretion of the probation officer, and Mr. Mabry shall abide by all technology requirements.

**ENTER ORDER:**

*/s/ Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: June 16, 2020